UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLANDOUS R. BINGHAM,

             Petitioner,

                                    CIVIL NO. 2:10-CV-11027
v.                                     HONORABLE PAUL D. BORMAN
                                    UNITED STATES DISTRICT COURT

NICK LUDWICK,

            Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Olandous R. Bingham, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his sentence for first-degree criminal sexual conduct, M.C.L.A. 750.520b. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

**I. BACKGROUND**

Petitioner pleaded guilty to one count of first-degree criminal sexual conduct and was sentenced to twenty five to fifty years in prison. Petitioner's conviction and sentence were affirmed on appeal. *People v. Bingham,* No. 269607 (Mich.Ct.App. June 9, 2006); *reconsideration den.* July 25, 2006; *lv. den.* 477 Mich. 974; 725 N.W. 2d 22 (2006). Petitioner then filed a post-conviction motion for relief from judgment, which was denied by the trial court on June 16, 2008. The Michigan Court of Appeals subsequently denied petitioner's application for leave to appeal. *People v. Bingham,* No. 291079 (Mich.Ct.App. May 15, 2009). Petitioner's

1

post-conviction application for leave to appeal to the Michigan Supreme Court was rejected as being untimely filed. *See* Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, dated October 14, 2009.

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court unlawfully deprived the defendant of his due process, equal protection rights when it scored 10 points on OV-3, 10 points on OV-4, 15 points on OV-10, 50 points on OV-11, and 5 points on OV-12.

II. The trial court violated the United States and Michigan Constitutions in sentencing the defendant to a prior term of 300-600 months on the criminal sexual conduct conviction.

## II. DISCUSSION

The Court will discuss petitioner's two claims together for judicial economy. In his first claim, petitioner contends that the trial court incorrectly scored several of his offense variables under the Michigan Sentencing Guidelines. Petitioner further alleges that trial counsel was ineffective for failing to object to the scoring of these guidelines variables. In his second claim, petitioner contends that the trial court improperly departed above the sentencing guidelines range of 108-180 months in imposing the sentence of twenty five to fifty years. Petitioner further claims that this sentence was disproportionate to the offense and to the offender.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the

2

petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).  The Court likewise concludes that petitioner's related ineffective assistance of counsel claim is meritless, such that the petition must be summarily denied. *See Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

Petitioner's sentence of twenty five to fifty years was within the statutory limits under Michigan law for the offense of first-degree criminal sexual conduct.  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment either. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir.

2000); *Johnson v. Smith,* 219 F. Supp. 2d 871, 884 (E.D. Mich. 2002).

Petitioner's claim that his sentence violates the Michigan state sentencing guidelines is not cognizable in a habeas proceeding because it is a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner's claim that the sentencing guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Likewise, petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief. *See Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999).

Petitioner, however, also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

4

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. This was made clear in *Cunningham v. California*, 549 U.S. 270 (2007), where the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by allowing judges " 'to exercise broad discretion ... within a statutory range,' which 'everyone agrees,' encounters no Sixth Amendment shoal." *Id.* at 294 (*quoting United States v. Booker*, 543 U.S. 220, 233 (2005)); *See also Harris v. United States*, 536 U.S.

5

545, 565 (2002)("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those [grand and petit] juries-and without contradicting *Apprendi*."), and *Id.* at 569-70 (Breyer, J., concurring)(agreeing that "*Apprendi* does not apply to mandatory minimums.").

The holdings in *Apprendi* and *Blakely* do not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis,* 585 F. 3d 1000, 1002 (6th Cir. 2009). Indeed, "[B]y clarifying that minimum sentences fall outside *Apprendi's* scope, *Harris* forecloses [petitioner's] claim." *Id.* The Sixth Amendment jury trial right merely "ensure[s] that the defendant 'will never get more punishment than he bargained for when he did the crime'"; it does "not promise that he will receive 'anything less" than that." *Id.* at 1002 (*quoting Harris*, 536 U.S. at 566 (*quoting Apprendi*, 530 U.S. at 498 (Scalia, J., concurring)). When petitioner violated the first-degree criminal sexual conduct statute, he bargained that if a jury found him guilty, that he could face up to life in prison or any term of years. Therefore, "regardless of the ways that judicial factfinding and Michigan's guidelines affected his minimum sentence," petitioner "got no more than he bargained for." *Chontos,* 585 F. 3d 1002. Petitioner is not entitled to habeas relief on his *Blakely* claim. *Id.; See also Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007)(*Blakely* does not apply to Michigan's indeterminate sentencing scheme).

Petitioner further claims that his sentence was disproportionate to the offense and to the offender. The U.S. Constitution does not require that sentences be proportionate. In *Harmelin v.*

6

*Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001)(*citing United States v. Thomas,* 49 F. 3d 253, 260-61 (6th Cir. 1995)). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Id.* Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

Petitioner further claims that his trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines variables. To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. Second, the defendant must show that such

7

performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).

Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of these sentencing guidelines variables, because petitioner has failed to establish that his sentence would have been different had counsel objected to the scoring of this variable. Petitioner raised his sentencing guidelines claim on his direct appeal before the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals and the Michigan Supreme Court denied petitioner leave to appeal. As the Eleventh Circuit recently noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In the present case, the trial court departed above the sentencing guidelines range of 108-180 months that was scored in this case. In light of the fact that the trial court probably would have departed above petitioner's proposed sentencing guidelines range of 51-85 months and imposed the same sentence even if counsel had objected to the scoring of the guidelines variables, counsel's failure to do so did not prejudice petitioner, so as to entitle petitioner to

8

relief on his ineffective assistance of counsel claim. *See U.S. v. Kirkham,* 295 Fed. Appx. 910, 913 (10th Cir. 2008). In addition, in light of the fact that the Michigan appellate courts rejected petitioner's sentencing guidelines claim when they denied petitioner leave to appeal, petitioner cannot show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines. *See Myers v. Ludwick*, No. 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009); See also *Smit v. Connerly,* No. 2009 WL 275679, * 4 (E.D. Mich. February 5, 2009). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885. Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979)*; Myers v. Ludwick*, No. 2009 WL 4581693, * 4 (E.D. Mich. December 3, 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

IV. **CONCLUSION**

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2010


CERTIFICATE OF SERVICE

10

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 18, 2010.

                                                   S/Denise Goodine
                                                   Case Manager